### TAYLOR v. KLEIN.

(Supreme Court, Appellate Division, First Department. March 5, 1909.)

1. ACTION (§ 27*)—NATURE—CONTRACT OR TORT.
   Under Code Civ. Proc. § 549, subd. 4, providing that a defendant may be arrested in an action on contract where it is alleged in the complaint that, after making the contract, he disposed of his property with intent to defraud his creditors, the insertion of such an allegation in a complaint otherwise on contract does not change the nature of the action to one for tort.
   [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 162, 175; Dec. Dig. § 27.*]

2. ACTION (§ 48*)—JOINDER—TORT AND CONTRACT.
   A cause of action for fraudulent representations, whereby extension of credit was obtained, and one for price of goods sold at another time, do not arise out of the same transaction or transactions connected with the same subject of action, so as to allow of their being joined, under Code Civ. Proc. § 484, subd. 9, in the same action.
   [Ed. Note.—For other cases, see Action, Cent. Dig. § 504; Dec. Dig. § 48.*]

Appeal from Special Term, New York County.

Action by Louis M. Taylor against Ignatz Klein. From a judgment overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Herman M. Schaap, for appellant.
Abraham A. Silberberg, for respondent.

McLAUGHLIN, J. The complaint sets forth three separate and distinct causes of action, and the defendant demurred upon the ground

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that they were improperly united, in that the first was in tort and the other two on contract. The demurrer was overruled, as appears from the opinion of the learned justice sitting at Special Term, upon the ground that the second and third causes of action "sound in tort and not in contract."

The first cause of action contains allegations to the effect that, in order to induce the firm of J. E. Bates & Co. to extend a term of credit to the defendant for merchandise theretofore sold and delivered to him, he gave to the firm a written statement, signed by himself, in which he falsely, fraudulently, and for the purpose of deceiving the firm stated that he then had on hand merchandise consisting of shoes of the cost of at least $1,400; that the firm, relying on such statement and believing the same to be true, extended a term of credit to the defendant on an indebtedness theretofore incurred to the extent of $255.-49, and by reason of that fact it was damaged in that sum, for which judgment was demanded. Then follows an allegation to the effect that the claim prior to the commencement of the action was assigned to the plaintiff. This cause of action is clearly one to recover damages for fraudulent representations.

The second and third causes of action are upon contract. The second alleges that the firm of Thomas Boyd & Co. "sold and delivered to the defendant, upon his special request and promise to pay therefor, * * * goods, wares, and merchandise of agreed price and value of two hundred and fifty and 22/100 ($250.22) dollars, all of which the defendant promised and agreed to pay. * * * That it has not paid the same or any part thereof, although demand therefor has been made." And the third alleges that:

"The Standard Shoe Company * * * sold and delivered to the defendant, upon his special request and promise to pay therefor, * * * goods, wares, and merchandise of the agreed price and value of $104, all of which the defendant promised and agreed to pay. * * * That defendant has not paid the same, or any part thereof, although demand therefor has been made."

Each of these causes of action contains an allegation that the claim had prior to the commencement of the action been assigned to the plaintiff.

There is also in each of the second and third causes of action an allegation to the effect that at a time therein stated the firm of J. E. Bates & Co. recovered a judgment against the defendant in an action in the City Court of the City of New York for the price of goods theretofore sold by the firm to him; that, after the recovery of this judgment, the defendant applied to the City Court to vacate the same upon the ground that the summons in the action had never been served upon him, and, before the application was heard, execution was issued upon the judgment and a levy made; that the defendant then had in his place of business goods, wares, and merchandise consisting of shoes, subject to the payment of his debts, of the value of at least $900; that immediately upon the sheriff's surrendering possession to the defendant he fraudulently and with the purpose and intent of cheating and defrauding his creditors, including the firm of Thomas Boyd & Co. and the Standard Shoe Company, disposed of his entire

stock and secreted the same and left in said store only three pairs of shoes as his entire assets. It is quite clear that this allegation as to Bates & Co. has no connection whatever with the second or third causes of action. It was doubtless inserted by the pleader, not for the purpose of perfecting the cause of action attempted to be alleged, but solely for the purpose of obtaining, if necessary, an order of arrest under subdivision 4 of section 549 of the Code of Civil Procedure. This subdivision provides that a defendant may be arrested in an action upon contract, express or implied, other than a promise to marry, where it is alleged in the complaint that the defendant was guilty of a fraud in contracting or incurring the liability, or that he has since the making of the contract, or in contemplation of making the same, removed or disposed of his property with intent to defraud his creditors. And, where such allegation is made, the plaintiff cannot recover unless he proves the fraud upon the trial. The fact, however, that the defendant may be arrested and proof of the fraud made at the trial, does not change the nature of the action, because it must be upon a contract, either express or implied. An action on contract and one in tort cannot be united in the same complaint except under subdivision 9 of section 484 of the Code of Civil Procedure. Each of the preceding subdivisions of the section specifies the causes of action which may be united, and then subdivision 9 provides generally that several causes of action "upon claims arising out of the same transaction or transactions, connected with the same subject of action, and not included within one of the foregoing subdivisions of this section," may be united. The first cause of action, as we have already seen, is to recover damages for a tort; that is, for fraudulent representations. The other two are on contract, do not arise out of the same transaction as the first, and are in no way connected with the same subject of action.

The demurrer, therefore, was improperly overruled, and for that reason the judgment appealed from is reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to serve an amended complaint upon payment of the costs in this court and in the court below. All concur.